**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. EDDIE LAMAR SMITH, Defendant. | No. CR07-0036-LRR **ORDER** |

This matter is before the court pursuant to the defendant's motion to correct sentence (docket no. 38), motion for jail credit (docket no. 39) and motion to be placed in drug treatment program (docket no. 40). The defendant filed each motion on January 22, 2009.

Concerning the motion to correct sentence, the defendant, among other things, asserts that the court wrongly ordered his federal sentence to run consecutively to a state sentence that he received. The AEDPA contains a one year period of limitation during which a 28 U.S.C. § 2255 motion must be filed.[1] The statute of limitation begins to run

---

[1] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to

(continued...)

from the latest of four circumstances. The first of these circumstances is the date on which the judgment of conviction became final. Here, the defendant's conviction became "final" on October 30, 2007–the last day he could have filed an appeal with the Eighth Circuit Court of Appeals. *See* Fed. R. App. P. 4(b)(1)(A) (indicating a defendant in a criminal case has ten days to file a notice of appeal); Fed. R. App. P. 26(a) (indicating it is appropriate when computing the date to exclude intermediate Saturdays, Sundays and legal holidays); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."); *cf. Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Given such date, the defendant needed to file his motion to correct sentence by no later than October 30, 2008. The defendant did not file his motion to correct sentence until January 22, 2009, which is well beyond the last day it properly could have been filed. Further, the defendant's situation does not fall under any of the remaining three timeliness provisions set forth in 28 U.S.C. § 2255. Accordingly, the defendant's motion to correct sentence is denied. To the extent that the defendant desires to pursue relief at the Eighth Circuit Court of Appeals, the court concludes that a certificate of appealability is not warranted.

---

(...continued)
        cases on collateral review; or

        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With respect to the motion for jail credit, 18 U.S.C. § 3585 directs that a defendant "be given credit toward the service of a term of imprisonment for any time he [or she] has spent in official detention prior to the date the sentence commences [if the official detention was] a result of the offense for which the sentence was imposed . . . ." 18 U.S.C. § 3585(b)(1).

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. §] 3585(b). *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his [or her] sentence. *Wilson*, 503 U.S. at 335; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and, after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which [a defendant] may resolve any dispute about the length of his [or her] time in state custody.

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). Clearly, the court does not have the authority to credit the time that the defendant allegedly spent in jail prior to being sentenced. Moreover, the defendant makes no assertion regarding the administrative remedies he pursued, and, rather than file a habeas corpus petition under 28 U.S.C. § 2241, the defendant elected to file the instant motion in his underlying criminal case. Accordingly, the defendant's motion for jail credit is denied.

Finally, regarding the motion to be placed in a drug treatment program, classification and treatment decisions are left to the discretion of the Federal Bureau of Prisons. *See generally* 18 U.S.C. § 3621. With respect to an inmate's treatment for drug abuse, a sentencing judge can only make recommendations to the Federal Bureau of Prisons. Here, it is clear that the Federal Bureau of Prisons determined that the defendant

did not meet the eligibility requirements under 18 U.S.C. § 3621(e) because he was found guilty of fighting with another inmate and he has a conviction for armed robbery. Consequently, the defendant's motion to be placed in a drug treatment program is denied.

**IT IS SO ORDERED**.

**DATED** this 29th day of January, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA